IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-cv-525-M

| | |
|---|---|
| ANGELA MOORE, ) | |
| ) | |
| ) | |
| ) | **AMENDED COMPLAINT** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| SOUTHEASTERN HEALTHCARE ) | |
| OF NORTH CAROLINA, INC. ) | |

Plaintiff Angela Moore ("Moore" or "Plaintiff"), sues her former employer, Defendant Southeastern Healthcare of North Carolina, Inc. ("SEHCNC" or "Defendant") for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et. seq., and the North Carolina Equal Employment Practices Act ("NCEPA"), N.C. Gen. Stat. § 143-422.1, et. seq.

## INTRODUCTION

1. This action is brought to remedy the unlawful termination of Plaintiff's employment by Defendant under the ADEA and the NCEPA and North Carolina Common Law.

2. In addition to compensatory damages, Plaintiff seeks liquidated damages, reasonable attorneys' fees, and costs as authorized by the ADEA and North Carolina law, plus such equitable relief as the Court may deem appropriate.

## JURISDICTION AND PARTIES

3. Plaintiff is a citizen and resident of Wake County, North Carolina.

4. Plaintiff was an employee of SEHCNC as defined by the ADEA and the NCEPA.

5.      Defendant SEHCNC is a North Carolina corporation authorized to do business and doing business in the State of North Carolina, with its principal place of business in Raleigh, North Carolina.

6.      Pursuant to the foregoing, at all times, SEHCNC was Plaintiff's "employer" as defined by the ADEA and the NCEPA.

7.      On August 23, 2021, the US Equal Employment Opportunity Commission ("EEOC") issued to Plaintiff a Notice of Rights ("Right to Sue") letter which was received on about August 26, 2021. This lawsuit is timely filed in compliance with. 29 U.S.C. § 621, et. seq.

## STATEMENT OF FACTS

8.      Plaintiff left her previous employer in good standing to be hired by SEHCNC as its Human Resources Administrative Assistant on or about May 17, 2021.

9.      SEHCNC is, or was at all times material to the allegations herein, a healthcare facility offering non-residential services for elderly and disabled adults and is located in Raleigh, Wake County, North Carolina.

10.     SEHCNC is a covered employer under the ADEA.

11.     Plaintiff was hired directly by SEHCNC's Chief Executive Officer ("CEO") Evelyn Sanders, but was never provided a job description or any orientation/training for her role.

12.     Plaintiff is an African-American female, age 55, and is a covered employee under the ADEA.

13.     Upon commencing work at SEHCNC, Plaintiff, despite having been told by CEO Sanders that she had been hired as an HR Administrative Assistant, noticed that the SEHCNC website Directory identified her as the company's Personnel Manager, and also that the SEHCNC Employee Directory identified her as the company's HR Manager.

14. Initially, Plaintiff performed the job tasks assigned directly by CEO Sanders, but shortly after commencing her employment, Ms. Sanders asked Plaintiff how she would feel about the company hiring an "HR Manager." The proposed candidate for the "HR Manager" position was Lanai Butterfield, the daughter of Jean Farmer-Butterfield who was Plaintiff's former supervisor at her previous employer. Ms. Farmer-Butterfield is also a personal friend of CEO Sanders. Ultimately, Lanai Butterfield was hired by CEO Sanders and given the title of Director of Human Resources.

15. Plaintiff asked CEO Sanders who she would thereafter report to, and CEO Sanders advised Plaintiff that Plaintiff would continue to report to CEO Sanders, and not to HR Director Butterfield.

16. Within two weeks of her arrival, HR Director Butterfield began making false allegations, attempting to intimidate Plaintiff in front of other employees, and creating a hostile work environment. Specifically, on May 27, 2021 Butterfield brusquely asked Plaintiff in front of another employee being trained, "You know you work for me?" Plaintiff did not respond to Butterfield. The next day, Plaintiff checked with CEO Sanders as to Butterfield's assertion of supervisory status, and was told by CEO Sanders "Don't worry about that; she will not be here long; just keep doing your job."

17. On about June 9, 2021 after a series of events involving new hire orientation which resulted in confusion based on a lack of training and information, Plaintiff reiterated to CEO Sanders that she had not been trained on how to perform new employee orientation. Sanders replied "You have been trained and if you say that again I will write you up."

18. During the May-June 2021 period, multiple newly hired employees resigned their jobs from SEHCNC due to their confusion with their onboarding and lack of clarity with their role(s).

19. After one such employee resigned, HR Director Butterfield accused Plaintiff of playing a part in that employee's decision to resign. This was a false accusation which Plaintiff denied.

20. Per CEO Sanders' instructions to Plaintiff when she was hired, Plaintiff's role was to maintain personnel files and to transfer these, as needed, between and among SEHCNC's offices, as well as to supervise the company's part-time receptionist in the SEHCNC Clayton, NC office.

21. During her brief employment with SEHCNC, Plaintiff never received any formal job title, job description, training as to any particular job; nor any job evaluations, counseling on her job, nor any disciplinary action.

22. Ultimately, over the course of several days around June 14-16, 2021, Lanai Butterfield – who had never been assigned to be Plaintiff's supervisor – began making false accusations about Plaintiff's work and work performance, including that she had broken confidentiality as to job applicants, improperly negotiated wages with job applicants, and negligently left personnel files unattended in a parking lot. Each of these (and other such) accusations were false and mere fabrications by Lanai Butterfield.

23. On June 16, 2021, while Plaintiff was setting up a room for a new employee orientation, Plaintiff overheard Lanai Butterfield speaking with Paulette Brock-Fogg (Executive Administrator) and Evelyn Williams (Payroll Manager) in an adjacent room. Plaintiff directly heard Lanai Butterfield state: "Angela is too old. I don't get it; she had plenty of time to prepare;

she can't keep up. Also, we have to speak to Blanca (Blanca Boreceguin – Manager of Raleigh Team) who is repeatedly making derogatory statements about her older staff members she needs to be trained."

24. On Friday June 25, 2021, Plaintiff was at home working remotely as all SEHCNC staff work remotely on Fridays. After a flurry of emails to Plaintiff from Lanai Butterfield about new hires and personnel files, she demanded that Plaintiff transport all personnel files to the SEHCNC Clayton, NC office by 1 pm. Plaintiff did so. At about 3:45 pm that day, Lanai Butterfield called Plaintiff and stated that she was terminating plaintiff's employment based on the (false) accusation that Plaintiff had left personnel files unattended in a parking lot on June 16, 2021.

**FIRST CLAIM FOR RELIEF**
(Age Discrimination in violation of the ADEA, 29 U.S.C. §621 et. seq.)

25. The allegations of paragraphs 1 through 24 are incorporated by reference and realleged herein.

26. Plaintiff is an African-American female, over the age of 40, who, during her employment with Defendant, was a member of a protected class pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et. seq.

27. Defendant's subsequently stated reason for terminating Plaintiff's employment was not the true reason for its decision, and instead was pretext to hide Defendant's discriminatory animus based on Plaintiff's age.

28. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment as actually assigned to her by Defendant.

29. The statements made by Defendant's HR Director Lanai Butterfield, as alleged in paragraphs 22 – 24 above constitute direct evidence of Defendant's discriminatory animus and motive based on Plaintiff's age.

30. Proximately, directly, and solely as a result of Defendant's discrimination against Plaintiff on account of her age, over 40 years old, Plaintiff has suffered damages consisting of loss of salary and other benefits, and continues to suffer the effects of such discrimination, and Plaintiff is entitled to recover compensatory and liquidated damages and to recover other equitable relief, costs of this action and attorneys' fees, as provided by law.

31. Defendant acted intentionally, willfully, and wantonly, or with reckless disregard of the legal rights of Plaintiff, and accordingly Plaintiff is entitled to recover liquidated damages from Defendant in such amounts as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
(Wrongful Termination in Violation of North Carolina Public Policy)

32. The allegations of paragraphs 1 through 31 are incorporated by reference and realleged herein.

1. The adverse employment actions taken by Defendant, including the termination of Plaintiff from her position as Human Resources Administrative Assistant, were in violation of the public policy of the State of North Carolina, specifically, the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1. et. seq., which makes discrimination on account of age an unlawful practice in North Carolina.

2. Plaintiff was discharged from her position as Human Resources Administrative Assistant because of her age.

3. Plaintiff is entitled to recover from the Defendant her compensatory damages as provided by North Carolina law, including but not limited to reinstatement to her job, back pay, front pay, benefits of employment, emotional distress, loss of reputation, and inconvenience, all of which damages are in excess of $10,000, the exact amount to be proven at trial.

4. Plaintiff is further entitled to recover the costs and expenses of this action and such interest as may be proven at trial.

WHEREFORE, Plaintiff prays the Court award her the following relief:

1. That Plaintiff be granted a trial by jury in this matter;
2. That Plaintiff be awarded all lost wages, salary, employment benefits, bonuses, other lost compensation, and other damages incurred as a result of Defendant's wrongful conduct in an amount exceeding $10,000 to be determined at trial;
3. That Plaintiff be awarded liquidated damages;
4. That Plaintiff be awarded punitive damages;
5. That Plaintiff be awarded pre-judgment and post-judgment interest on the amount awarded at trial at the prevailing rate;
6. That Plaintiff be awarded front pay or alternatively reinstated to his former position with similar pay and benefits to that from which he was wrongfully terminated;
7. That Plaintiff be awarded her costs and reasonable attorney's fees in this matter as allowed by law;
8. That she be awarded such other further relief as the Court deems appropriate.

BARRETT LAW OFFICES, PLLC.

BY: /s/ *William P. Barrett*
WILLIAM P. BARRETT
North Carolina Bar No. 19545
*Attorneys for Defendant*
5 W. Hargett St., Suite 910
Raleigh, NC 27601
Telephone: (919) 999-2799
Facsimile: (919) 999-2711
wbarrett@barrettlawoffices.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2022, the foregoing *AMENDED COMPLAINT* was electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

*Kevin M. Ceglowski*
*Nia K. Doaks*
*POYNER SPRUILL, LLP*
*301 Fayetteville St., Suite 1900*
*Raleigh, NC 27601*
*kceglowski@poynerspruill.com*
*ndoaks@poynerspruill.com*

ATTORNEYS FOR DEFENDANTS

BARRETT LAW OFFICES, PLLC.

BY: /s/ *William P. Barrett*
WILLIAM P. BARRETT
North Carolina Bar No. 19545
*Attorneys for Defendant*
5 W. Hargett St., Suite 910
Raleigh, NC 27601
Telephone: (919) 999-2799
Facsimile: (919) 999-2711
wbarrett@barrettlawoffices.com